NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MANUEL AURELIO MARTINEZ COVARRUBIAS,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-70059<br><br>Agency No. A027-618-090<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Manuel Aurelio Martinez Covarrubias, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for deferral of removal under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's denial of CAT relief because Martinez Covarrubias failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Martinez Covarrubias's contentions that the IJ violated his right to due process or otherwise erred in its analysis of his claims.

We lack jurisdiction to consider Martinez Covarrubias's ineffective assistance of counsel claims because he failed to raise these arguments to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented below); *see also Puga v. Chertoff*, 488 F.3d 812, 815-16 (9th Cir. 2007) (indicating that ineffective assistance of counsel claims must be raised in a motion to reopen before the BIA). We also lack jurisdiction to review Martinez Covarrubias's contentions concerning his deportation and a prior IJ decision because the contentions relate to the BIA's denial of his second appeal, and the instant petition for review is not timely as to that decision. *See* 8 U.S.C. 8 U.S.C. § 1252(b)(1) (providing that petition for

review must be filed no later than 30 days after the final order of removal); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

We do not consider the materials Martinez Covarrubias submitted with his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**